IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD COLBERT, | CASE NO. CV-F-04-6766 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART |
| vs. | |
| E. BURNIAS, et al., | [Docs. 21 and 28] |
| Defendants. | |

I.  Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 1, 2006, the Court ordered that plaintiff's first amended complaint filed November 29, 2005 be served on defendants Burnias and Fitzpatrick. On July 27, 2006, defendant Burnias filed a motion to dismiss and on November 7, 2006, defendant Fitzpatrick filed a motion to dismiss. Plaintiff filed oppositions to the motions on August 29, 2006 and December 11, 2006, respectively.[1]

II.  Motions to Dismiss For Failure to State a Claim

In considering a motion to dismiss for failure to state a claim, the court must accept as true the

---

[1] Defendants' motions to strike plaintiff's oppositions to their motions to dismiss are denied. Defendant Burnias erroneously calendered a hearing on his motion for September 1, 2006. Local Rule 78-230(m) provides that motions in prisoner cases shall be heard without hearing. Nevertheless, consideration of plaintiff's oppositions to the motions does change the decision reached by the court.

1

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512.

III. Discussion

    A.    Eighth Amendment Claim

In his first amended complaint, plaintiff alleges that despite his requests to defendants Burnias and Fitzpatrick, defendants failed to repair a leak in his cell and required him to remain in the cell for six months despite the condition, which ultimately resulted in plaintiff falling in his cell.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v.

2

1  McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).
2  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may
3  be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost
4  v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

5  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment
6  Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The
7  objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary
8  standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required
9  to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted).
10  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal
11  offenders pay for their offenses against society, only those deprivations denying the minimal civilized
12  measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."
13  Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a conditions-of-
14  confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations
15  omitted). The Eighth Amendment guarantees sanitation, Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.
16  1982, including personal hygiene supplies such as soap and toothpaste. Keenan v. Hall, 83 F.3d 1083,
17  1091 (9th Cir. 1996).

18  1. Eleventh Amendment Immunity

19  Defendants first argue that plaintiff's claims against them in their official capacity should be
20  dismissed pursuant to the Eleventh Amendment. The Eleventh Amendment bars damages actions
21  against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d
22  836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976
23  F.2d 469, 472 (9th Cir. 1992). However, the Eleventh Amendment does not bar suits seeking damages
24  against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v.
25  California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena
26  v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability
27  upon a government official for actions [the official] takes under color of state law. See Kentucky v.
28  Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, this

"necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991). Accordingly, defendants' motion to dismiss plaintiff's claims against them in their official capacity should be granted.

### 2. Extreme Deprivation

Defendants contend that plaintiff's allegations are insufficient to give rise to cognizable Eighth Amendment claim because the deprivation complained of is insufficient to rise to the level of an Eighth Amendment violation. Defendants argue that a leak in a prison cell, by itself, cannot constitute denial of the minimal civilized measure of life's necessities. The Court disagrees. The Court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given this requirement, the court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim. The instant motion is no exception. Plaintiff has alleged that despite his requests to defendants, he lived with the condition in his cell for 6 months, which ultimately resulted in plaintiff falling and suffering injury. While not dispositive to this motion, in his opposition, plaintiff indicates that the faulty plumbing in his cell caused a back up and over flow of sewage and feces in his cell which continued despite his informing defendants of the condition.

As previously stated, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). At this stage in the proceedings and absent the presentation of any authority the compels the court to conclude otherwise, the court declines to find that the allegation that plaintiff was required to live in a cell with faulty plumbing for six (6) months is insufficient to state a claim. Defendants arguments that plaintiff's allegations fail to establish that they were in a position to take steps to avert the incident are more suited

for summary judgment.

B.  Conclusion

In conclusion, the court finds that the claims against defendants in their official capacities should be dismissed but the court rejects defendants' arguments that plaintiff's factual allegations are insufficient to give rise to claims for relief under section 1983.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss for failure to state any claims upon which relief may be granted, filed July 27, 2006 and November 7, 2006, be denied;
2. Defendants' motions to dismiss the claims against them in their official capacity be granted; and
3. Should this Findings and Recommendations be adopted in full, defendants be ordered to file a response to plaintiff's amended complaint within thirty days from the date of the issuance of the district court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 31, 2007**            **/s/ Dennis L. Beck**
3c0hj8                                              UNITED STATES MAGISTRATE JUDGE