# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD COLBERT,<br><br>            Plaintiff,<br><br>   v.<br><br>SCRIBNER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:04-cv-6766-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF, BE DENIED<br><br>(Doc. 44) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil action. This action proceeds on plaintiff's amended complaint filed November 29, 2005 against defendants Burnias and Fitzpatrick for violation of his rights under the Eighth Amendment based on the conditions of his cell. On July 23, 2007, plaintiff filed a request for injunctive relief, seeking a court order requiring Pleasant Valley State Prison to provide plaintiff his hearing aids.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

This court has no jurisdiction to order the relief requested by plaintiff. Pleasant Valley State Prison is not a party to this action, nor is the Warden. In adidition, this action is related to plaintiff's claims that in 2003, defendants Burnias and Fitzpatrick required plaintiff to live in conditions that violated his rights under the Eighth Amendment. The relief plaintiff presently seeks in his request for injunctive relief would serve to remedy nor are they even related to the claims in the complaint.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed July 23, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before August 30, 2007, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 1, 2007**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE